UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

CAMPANELLA D'ANGELO,       )
                           )
     Plaintiff,            )
                           )
v.                         )
                           )    CV616-061
SCREVEN COUNTY             )
COMMISSIONERS, *et al.*,   )
                           )
     Defendants.           )

## REPORT AND RECOMMENDATION

This is a 28 U.S.C. § 1915(g) strike-out[1] case. Some background: In *D'Angelo v. Kites*, CV608-055, 2009 WL 54997 (S.D. Ga. Jan. 8, 2009), this Court "strike-dismissed" Campanella D'Angelo's 42 U.S.C. § 1983

---

[1] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

case for failing to disclose, in response to a form Complaint question, four other federal cases that he'd previously filed. *Id.* at *1. It reminded him that it enforces prior-litigation disclosure requirements so that § 1915(g)'s aims (deter serial, frivolous lawsuits) can be achieved. *Id.* at * 2 ("Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)").[2]

A long-time serial litigator and convicted child molester, *see D'Angelo v. Morales*, 2013 WL 6207800 at *1 (S.D. Ga. Nov. 27, 2013) (discussing his conviction); *D'Angelo v. Schofield*, 2012 WL 1300819 at *1 (M.D. Ga. Apr. 16, 2012) (listing prior strikes), D'Angelo has returned with another 42 U.S.C. § 1983 case, naming a Georgia County and individual defendants alleged to have violated his constitutional rights. Doc. 1 at 12 ("Plaintiff's conviction grew directly out of the illegal arrest warrant and illegal search and seizure which 'sprouted the indictment'

---

[2] *See also Patton v. Williams*, 2016 WL 4198530 at * 3 (S.D. Ga. Aug. 8, 2016) ("Plaintiff disclosed one past lawsuit but failed to fully disclose the existence of his prior lawsuits, including one that was dismissed for failure to state a claim. This Court will not tolerate such lack of candor and consequently, the Court should DISMISS this action for Plaintiff's failure to truthfully disclose his litigation history as required.").

2

and remains the root of the conviction . . . today. . . ."). He disclosed *Kites* and other prior cases. Doc. 1 at 2-3; *see also* doc. 2 at 8-9.

But years ago another court ruled that he struck out under § 1915(g). *Schofield*, 2012 WL 1300819 at *1. Since then the Eleventh Circuit has clarified what constitutes a "strike." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016) ("[t]hree specific grounds render a dismissal a strike: 'frivolous,' 'malicious,' and 'fails to state a claim upon which relief may be granted'"). Hence, "[s]trikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim." *Turner v. George Bailey Detention Facility*, 2016 WL 3388712 at * 2 (S.D. Cal. June 24, 2016) (quotes and cite omitted); *Rice v. Freeseman*, 2016 WL 5724065 at *2 n. 2 (S.D. Ga. Aug. 10, 2016).[3] "Lying" to this Court obviously places the litigant in the "malicious" (abuse of judicial process) strike zone. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 (2007); *see also Young v. Sec'y Fla. Dep't of Corr.*,

---

[3] "It follows that if failure to prosecute an appeal does not count as a PLRA 'strike,' neither does the voluntary dismissal of an action pursuant to [Fed. R. Civ. P.] 41(a).". *Andrews v. Persley*, 2016 WL 5390340 at * 2 (11th Cir. Sept. 27, 2016).

3

380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

Here, in addition to D'Angelo's "lying" strike noted *supra*, he himself discloses four failure-to-exhaust prison remedy dismissals. Doc. 2 at 8-9. Those are § 1915(g) strikes. *Rivera*, 144 F.3d at 731 (dismissal of a plaintiff's claims pursuant to 42 U.S.C. § 1997e is "tantamount to one that fails to state a claim upon which relief may be granted"); *Hochstadt v. Israel*, 2016 WL 1714930 at * 2 (S.D. Fla. Mar. 31, 2016). It therefore is not necessary to re-examine the *Schofield* strikes in light of *Daker,* since five other strikes are demonstrated here.

Because D'Angelo presents no imminent danger allegations, *see Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)), this latest case is § 1915(g)-barred. It therefore must be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

4

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 8th day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA